# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Daniel M. Bustamante,** Plaintiff -vs- **Hector Gonzales, et al.,** Defendants | CV-07-0940-PHX-DGC (JRI) **REPORT & RECOMMENDATION** |

Under consideration is Defendant Maish's Motion to Set Aside Entry of Default, filed May 13, 2009 (#81). Defendant Maish asks the Court to set aside its entry of default against him on April 14, 2009 (#80). Defendant Maish argues that through an oversight of counsel he was not listed as a responding defendant in the Answer filed March 31, 2009 by Defendants Gonzales, et al. (#75).

**Magistrate Jurisdiction** - The motion is at least arguably dispositive, and thus outside the jurisdiction of the the undersigned magistrate judge, as provided in 28 U.S.C. § 636(b). *See e.g. U.S. v. Real Property*, 135 F.3d 1312 (9th Cir. 1998) (assuming that, absent consent to magistrate judge jurisdiction, motion to set aside outside authority of magistrate judge); *Sims v. EGA Products, Inc.,* 475 F.3d 865, 869 (7th Cir. 2007) (arguing setting aside the default outside magistrate jurisdiction because "default concludes the merits, while Rule 72(a) covers only 'nondispositive matters'")). Accordingly, the undersigned makes the following report & recommendation.

**Failure to Respond** - Plaintiff has not responded to the motion. Pursuant to Local Civil Rule 7.2(I), the undersigned deems Plaintiff's failure to respond to be a consent to the granting of the motion.

**Cause to Set Aside Default** - Further, Defendant has shown cause to set aside entry of default. Rule 55(c) provides that a court may set aside a default for "good cause shown."

- 1 -

> The "good cause" standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)... [and] considers three factors: (1) whether [the defaulted party] engaged in culpable conduct that led to the default; (2) whether [the defaulted party] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the opposing party].

*Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925 -926 (C.A.9 (Ariz.),2004)  "Where timely relief is sought from a default ... and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits." *Mendoza v. Wight Vineyard Management*, 783 F.2d 941, 945-946 (9th Cir.1986) (internal quotations and brackets omitted).

Culpability - "'[C]ulpability' involves 'not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings." *TCI Group Life Ins. Plan,* 244 F.3d at 698 (mental state of widow suffering depression relevant consideration).  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily-although it certainly may be, once the equitable factors are considered-culpable or inexcusable." *Id.* at 697-698.  Here, there is no suggestion of culpability on the part of Defendant.  Rather, a credible explanation of the failure to defend has been shown.

Meritorious Defenses - Defendant has sufficiently shown a meritorious defense.  It is true that a "'mere general denial without facts to support it' is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 926 (9th Cir. 2004).    However, a party seeking to avoid the effect of a default "need not conclusively establish the validity of the defense(s) asserted." *Davis v. Musler,* 713 F.2d 907, 916 (2nd Cir. 1983).  Defendant intended to join in the defenses asserted by the other defendants.   While the Court is not in a position to

1   decide the case today, there appears no reason to not adhere to the admonition that "a case
2   should, whenever possible, be decided on the merits." *TCI Group Life Ins. Plan*, 244 F.3d
3   at 696.

4   <u>Prejudice to Plaintiff</u> - Plaintiff has not shown any relevant prejudice. "[D]elay alone
5   does not constitute the sort of prejudice cognizable upon a Rule 55(c) motion: 'it must be
6   shown that delay will result in the loss of evidence, create increased difficulties of discovery,
7   or provide greater opportunity for fraud and collusion.'" *Apache Nitrogen Products, Inc. v.
8   Harbor Ins. Co.* 145 F.R.D. 674, 682 (D.Ariz.,1993).

9   For the foregoing reasons, the undersigned finds that Defendant Maish has shown
10  good cause to set aside the default entered against him.

12  **IT IS THEREFORE RECOMMENDED** that Defendant Maish's Motion to Set
13  Aside Entry of Default, filed May 13, 2009 (#81) be **GRANTED**.

15  **IT IS FURTHER RECOMMENDED** that the default entered against Defendant
16  Maish on April 14, 2009 (#80) be set aside, and that Defendant Maish have ten days from
17  entry of the order to file an answer or otherwise respond to the Second Amended Complaint
18  (#54).

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth
Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of
Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall
have ten (10) days from the date of service of a copy of this recommendation within which
to file specific written objections with the Court. Thereafter, the parties have ten (10) days
within which to file a response to the objections. Failure to timely file objections to any
factual or legal determinations of the Magistrate Judge will be considered a waiver of a

1  party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328
2  F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: May 19, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\07-0940-081r RR 09 05 13 re MSetAsideDefault.wpd

- 4 -